## PEOPLE *v.* CENTRAL RAILROAD.

Two States made an agreement as to where the boundary line between them was, and Congress by statute gave its assent to the agreement. After this one of the States sued a corporation of the other for taking possession of land and water which the State suing alleged were in its territory. The corporation asserted, in defence, that under the agreement the land and water were within the jurisdiction of the other State; and the highest tribunal of the State in which the suit was brought decided that it was so.

*Held*, that this was but an adjudication upon the meaning of the agreement, and not one upon the construction of the statute; and accordingly that error would not lie under the 25th section of the Judiciary Act.

THIS was a motion to dismiss, for want of jurisdiction, a writ of error to the Supreme Court of New York; the case being thus:

In 1833 an agreement was made between New York and New Jersey, relative to the boundary line between the two States, to which Congress gave its assent by an act approved June 28th, 1834. The subject of the agreement was "all the waters of the bay of New York, . . . and all the waters of the Hudson River lying west of Manhattan Island, and to the south of the mouth of Spuyten Duyvel Creek, and of the lands covered by the said waters to the low water-mark on the westerly or New Jersey side thereof." In this condition of things suit was brought in one of the courts of New York by the People of the State of New York against the Central Railroad Company for a nuisance committed by taking possession without license from the State of, about 800 acres of land and water, and erecting docks, wharves, piers, and other improvements within the alleged jurisdiction of New York, under this agreement.

The railroad company asserted that, under the agreement, the land and water were within the jurisdiction of the State of New Jersey, by whose authority they committed the acts complained of, and the highest tribunal of the State of New York decided in favor of the claim of the railroad company

in behalf of the State of New Jersey. To that judgment the writ of error which it was now sought to have dismissed was taken.

In support of the motion to dismiss, *Mr. F. T. Freling-huysen* insisted that in this decision of the court in New York there was not drawn in question the construction of any statute of the United States, and that the decision was not against the title, right, privilege, or exemption specially set up and claimed under any such statute. The contro-versy related wholly to the extent of the jurisdiction of New York over the land and water in the rivers and bay of New York, and presented nothing but a question of construction of the agreement.

On the other hand it was argued, by *Messrs. J. C. Dimick* and *A. J. Parker*, against the motion, that the decision was against the rights of New York, as defined by the agree-ment, and that this court had jurisdiction because of the act giving the assent of Congress to it.

The CHIEF JUSTICE: We think that the statement of the case shows that the question arose under the agreement and not under any act of Congress. The assent of Congress did not make the act giving it a statute of the United States, in the sense of the 25th section of the Judiciary Act. The construction of the act was in no way drawn in question, nor has any title or right been set up under it and denied by the State court. It had no effect beyond giving the con-sent of Congress to the compact between the two States.

The writ of error must, therefore, be

DISMISSED.